# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

RICHARD GRAF MILLER,

    Plaintiff,

v.                                                              Case No. 18-11429

MICHAEL ERIC JOAQUIN, and
FATHER AND SONS
COLLECTIBLES, INC.,

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS FOR SANCTIONS FOR ARRIVING LATE TO A SCHEDULING CONFERENCE, GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS FOR FAILING TO SIGN INTERROGATORIES, AND ORDERING PLAINTIFF AND PLAINTIFF'S COUNSEL TO REMIT PAYMENT**

Defendants Michael Eric Joaquin and Father and Sons Collectibles, Inc., move for compensatory attorney fees from Plaintiff Richard Graf Miller, his counsel, Scott F. Smith, or both, for two separate events, the first being for Plaintiff's counsel arriving two hours late to a scheduling conference on July 26, 2018. (ECF No. 66.) Defendants seek $600.00.

Second, Defendants move for $25,020 in expenses they argue resulted from Plaintiff's serial failures to sign interrogatories. (ECF No. 69.) Plaintiff has responded to both motions and Defendants replied. (ECF Nos. 70, 71.)

A court may order attorney fees for a party's failure "to obey a scheduling order or other pretrial order" if circumstances would not "make an award of expenses unjust." Fed. R. Civ. P. 16(f)(1)(C), (2).

The court directed parties to arrive for a scheduling conference in the Port Huron court facility on July 26, 2018 at 10:30 am. (ECF No. 8, 43.) Apparently thinking he was due to appear in the Detroit court facility, Plaintiff's counsel arrived in Port Huron—about an hour's drive from Detroit—two hours late. The court so noted later in its November 7, 2018, order. Therein, the court also referred to Plaintiff's failure to "ma[k]e good on his (informal) agreement to compensate Defendant, at least in part, for the hours of time counsel wasted while waiting for Plaintiff's counsel to arrive." (ECF No. 15, PageID.101-02.)

Plaintiff's counsel does not contest that he arrived late to the July 26, 2018 scheduling conference, nor does he contest that he offered to compensate Defendants' counsel for time wasted. However, as the court noted then and now repeats, Plaintiff's offer was an informal agreement, not a binding contract. (*Id.*) After over a year, a jury trial, and a judgment entered notwithstanding the verdict, Defendants now seek the court's assistance in collecting. There is, however, no prior motion requesting these expenses nor an order from the court mandating payment.

It would have demonstrated proper professional and ethical form for Plaintiff's counsel to voluntarily abide by his promise given the costs he imposed on the opposing party. Since this was the court's first experience with Plaintiff's counsel, the court simply assumed that counsel possessed at least rudimentary ethical standards, and declared itself satisfied to leave the matter in the form of a "handshake" agreement. The court should not have so presumed. Counsel's failure to compensate Defendants as agreed was only the first of several similar issues.

2

All things considered, but most importantly because the reimbursement was agreed to only on an informal basis and never ordered, the court will decline to issue an order compelling attorney fees at this late date. Fed. R. Civ. P. 16(f)(2).

But, second and more significant is Defendants' request for an award of attorney fees for the consequences flowing from Plaintiff's failure to sign answers to interrogatories.

The court may order attorney fees under Rule 37 when an opposing party's motion to compel discovery is granted, a party fails to answer an interrogatory, or when a party disobeys a discovery order, unless "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C), (d)(3). In its opinion awarding judgment notwithstanding the verdict to Defendants, the court noted that "Defendants did not receive a signed interrogatory [from Plaintiff] before the jury verdict was reached" despite several court orders. (ECF No. 64, PageID.971.)

After weighing possible alternatives, the court resorted to a sanction "tailored specifically to [Plaintiff's] violations: striking evidence of [Plaintiff's] testimony from the record." (*Id.*, PageID.973.) Given the centrality of Plaintiff's testimony to his case, this was severe punishment, leading to an adverse and final judgment, but nonetheless proportionate to Plaintiff's flagrant and prejudicial behavior. (*Id.*, PageID.968 ("The only basis for a $180,000 verdict offered into evidence is Miller's own valuation of the coins during his testimony at trial."); *see also id.*, PageID.973 ("[T]he evidence requested by Defendants in the form of [Plaintiff's] interrogatory answers would have been useful for [Defendant Joaquin] at trial.").) When the court crafted this sanction, Defendants had also moved for attorney fees as a sanction for Plaintiff's behavior. (ECF No. 52,

PageID.790 (Defendants' Motion for Relief from Judgment for Plaintiff's Failure to Sign Answers to Interrogatories: "The Court should further award Defendants their reasonable attorney's fees incurred due to Plaintiff's failure to sign the interrogatory answers.").) The court did not grant that request.

Now, after the court has granted judgment in Defendants' favor in the wake of the court's prior sanction, Defendants seek attorney fees for not only the costs of preparing motions to compel, but also for trial preparations and writing motions for new trial and judgment notwithstanding the verdict. (ECF No. 69-1, PageID.1011-12.) The court finds these requests only partially warranted. The sanction already imposed on Plaintiff was crafted to be sufficient to punish and deter. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 763-64 (1980) (citations removed) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent.").

True, Defendants were required to attend trial and file several motions after an adverse verdict, but Defendants do bear some measure of responsibility. For example, Defendants did not avail themselves of the opportunity to move for summary judgment, but later succeeded on a motion for judgment notwithstanding the verdict, using virtually identical standards. *Compare Matras v. Amoco Oil Co.*, 424 Mich. 675, 681-82 (1986) ("If reasonable jurors could honestly have reached different conclusions, the motion should be denied."), *with Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (For a court to deny summary judgment, "the evidence [must be] such that a reasonable jury could return a verdict for the nonmoving party."). From this, it appears that Defendants did not recognize at the summary judgment stage—before trial preparation costs had

4

been incurred—fundamental flaws in Plaintiff's case (e.g. suing for conversion in what amounts to a breach of contract suit). Defendants' loss at trial seems not solely the result of Plaintiff's refusal to sign answers to the relevant interrogatories. (*see, e.g.*, ECF No. 64, PageID.958-59 (discussing four court opinions rejecting Plaintiff's conversion claim).)

Nonetheless, Plaintiff's refusals were numerous and contemptuous. The court issued four orders requiring Plaintiff to sign his answers to interrogatories, not to mention informal discussions. Plaintiff persisted in his course of action and flatly disobeyed the court's direct instruction. It appears to the court that Plaintiff or his counsel was almost daring the court to take punitive action. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997) ("[T]he party's failure to cooperate in discovery . . . due to willfulness, bad faith, or fault" is a factor to consider in sanctions.). (*Id.*, PageID.973.) The court warned Plaintiff in its first order compelling discovery that "[i]n the event that additional responsiveness problems of this kind surface to the apparent prejudice of Defendants, the court may well again take up the matter and assess fair and equitable attorney fee restitution." *Freeland*, 103 F.3d at 1277 (considering whether a party was "warned that failure to cooperate could lead to . . . sanction" in crafting a sanction). (ECF No. 15, PageID.102.) Ultimately, Plaintiff's behavior resulted in prejudice to Defendants by limiting access to valid discovery and hindering cross-examination of Plaintiff at trial. *Freeland*, 103 F.3d at 1277 (Courts consider "whether the adversary was prejudiced" in deciding an appropriate sanction.). (ECF No. 64, PageID.970-71, 973.)

Reasonable monetary sanctions herein are not "unjust." Fed. R. Civ. P. 37(a)(5)(A), (b)(2)(C), (d)(3). They will serve as an additional deterrent, personally and generally, to the unprofessional gamesmanship illustrated by Plaintiff's counsel's action in this case. *Roadway Exp., Inc.*, 447 U.S. at 763-64. The court will grant Defendant's motion for attorney fees to the extent Defendants were forced to litigate Plaintiff's failure to sign interrogatories before trial. Based on Defendants' counsel's time sheets, this will include preparation for discovery requests, research and writing for motions to compel discovery, and time spent reviewing Plaintiff's responses and attending a court ordered conference on a motion to compel. (ECF No. 69-1, PageID.1011 (including time entries from September 7, 2018 to May 24, 2019).) The number of hours spent totals 4.4. (*Id.*) The $300 standard rate per hour requested by Defendants is reasonable. *Zack v. McLaren Health Advantage, Inc.*, No. 17-11253, 2018 WL 6571230, at *4 (E.D. Mich. Dec. 13, 2018) (finding a $300 per hour fee to be reasonable for Defendants' attorney). Plaintiff does not contest the adequacy of the rate. Thus, the total amount owed in attorney fees will equal $1,320. *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 349 (6th Cir. 2000) (A "lodestar" fee "is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly fee."); *Perdue v. Kenny*, 559 U.S. 542, 553 (2010) (citations removed) ("[T]he lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee."). Accordingly,

IT IS ORDERED that Defendants Eric Joaquin and Father and Sons Collectibles' "Motion to Compel Payment by Plaintiff's Counsel of Agreed Upon Fees for Arriving Late to July 26, 2018 Scheduling Conference" (ECF No. 66) is DENIED.

IT IS FURTHER ORDERED that Defendants' "Motion for Attorney Fees Pursuant to Rule 37(a)(5)(A), (b)(2)(C), (d)(3)" (ECF No. 69) is GRANTED IN PART. Plaintiff and Plaintiff's counsel Scott F. Smith are jointly and severally ORDERED to pay Defendants $1,320 in attorney fees FORTHWITH. Defendants are ORDERED to file a notice of satisfaction of this award directly after receipt. Failure to satisfy this obligation and to cause the expenditure of additional attorney time by Defendants will result in further sanctions against Plaintiff, Plaintiff's counsel, or both.

        s/Robert H. Cleland        /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 11, 2020, by electronic and/or ordinary mail.

        s/Lisa Wagner        /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-11429.MILLER.Sanctions.RMK.RHC.5.docx