**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

RICHARD GRAF MILLER,

    Plaintiff,

v.                                                  Case No. 18-11429

MICHAEL ERIC JOAQUIN, and
FATHER AND SONS
COLLECTIBLES, INC.,

    Defendants.
_____/

## ORDER DIRECTING PLAINTIFF TO FILE A SIGNED OBJECTION TO GARNISHMENT

On February 11, 2020, the court issued an order granting Defendants' request for attorney fees. (ECF No. 72.) Plaintiff and Plaintiff's counsel were held jointly and severally liable for $1,320, largely due to Plaintiff's signature being inexcusably missing on his answers to interrogatories. (*Id.*, PageID.1108.) Although the decision was appealed by Defendants, on February 21, the court was given notice that Defendants had received payment. (ECF No. 73.)

Defendants filed a request for a writ of garnishment, which was issued on March 2. (ECF No. 77.) Defendants sought $3,256.95 in "postjudgment costs." (*Id.*, PageID.1123.) Subtracting the $1,320 already received, the total amount owed was listed at $1,936.95. (*Id.*) Plaintiff filed an objection to garnishment on March 23 contesting this amount. (ECF No. 78.)

Plaintiff's objection to garnishment does not include a signature. (*Id.*, PageID.1124.) Under Federal Rule of Civil Procedure 11(a), "[e]very pleading, written

motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." If a filing is not signed, the court must strike it "unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*; *see, e.g.*, *Fuller v. Heyns*, Case No. 12-12371, 2012 WL 2374222, at *2 (E.D. Mich. June 22, 2012) (Roberts, J.) (discussing prisoner complaints filed without signatures). The court also notes the form Plaintiff used to file his objection, issued by the State of Michigan, includes instructions that the filer "[w]rite in the date . . . and sign." State Court Admin. Office, State of Mich., Instructions for Filing and Serving "Objections to Garnishment" (2018).

The court now calls to Plaintiff's attention the lack of a signature on his objection to garnishment. Plaintiff must refile his objection with a signature, either his own or counsel's, within ten days of this order. If Plaintiff fails to do so, the court must strike Plaintiff's objection. Fed. R. Civ. P. 11(a). Accordingly,

IT IS ORDERED that Plaintiff is DIRECTED to file a signed copy of his "Objection . . . to Writ of Garnishment Issued" (ECF No. 78) by **April 6, 2020** .

                                                s/Robert H. Cleland               /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: March 25, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 25, 2020, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\18-11429.MILLER.GarnishmentSignature.RMK.docx